IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**Jodee Wright**, an individual;

              Plaintiff,

    v.

**Service Employees International Union Local 503**, a labor organization; **Oregon Department of Administrative Services**; and **Katy Coba**, in her official capacity as Director of the Oregon Department of Administrative Services;

              Defendants.

**Case No. 6:20-cv-00520-MC**

**OPINION AND ORDER**

**MCSHANE, District Judge:**

    Plaintiff Jodee Wright worked for the Oregon Health Authority. She brings this action against the Service Employees International Union Local 503 ("SEIU 503"), as well as the Oregon Department of Administrative Services and its administrator.(the "State"). Ms. Wright claims her First and Fourteenth Amendment rights were violated when the defendants garnished union dues from her paychecks without her authorization. SEIU 503 moves to dismiss, arguing that Wright's claims (1) are moot and (2) fail on the merits as the garnishments did not violate the First or Fourteenth Amendments.[1] Because Wright's claim for prospective relief is moot and her § 1983 claims for retrospective and declaratory relief fail on the merits, SEIU 503's Motion to Dismiss (ECF No. 14) is GRANTED in part.

---

[1] The State joined SEIU's motion to dismiss. As Wright's § 1983 claims clearly fail because there was no state action, the Court does not address SEIU 503's alternative arguments regarding the alleged First and Fourteenth Amendment violations or the State Defendants' alternative argument regarding sovereign immunity.

## BACKGROUND[2]

Wright is a former employee of the Oregon Health Authority. During her employment, the Oregon Department of Administrative Services paid Wright's wages. The State deducted union dues from Wright's paychecks pursuant to a collective bargaining agreement between the department and SEIU 503. Wright alleges that she never joined the union or authorized the deductions. Rather, Wright alleges that SEIU 503 forged her signature on a union membership dues authorization form, thereby wrongfully authorizing the department to withhold union dues from her paychecks for a period of years. Wright objected to the deductions—and her union membership—but was forced to continue paying dues per the terms of the membership agreement. Wright is now retired.

As noted, Wright brings two civil rights claims pursuant to 42 U.S.C. § 1983 against SEIU 503 and the State. Wright's first claim alleges that by deducting union dues without her authorization, Defendants violated her First Amendment rights "(a) not to associate with a mandatory representative; (b) not to support, financially or otherwise, petitioning and speech; and (c) against compelled speech." Compl. 6, ECF No. 1. Wright's second claim alleges that the deductions also violated her Fourteenth Amendment right to procedural due process. Wright also brings two state law claims, one for common law fraud against SEIU 503 and one for wage theft under Or. Rev. Stat. Ann. § 652.615 against the State.

## STANDARDS

District courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). It is presumed that a district court lacks jurisdiction and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Vacek v. United*

---

[2] As noted below, at the motion to dismiss stage, the Court construes the allegations in the light most favorable to Wright.

*States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006). A defendant may move to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction when the allegations in the complaint are insufficient to establish federal jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Additionally, when a factual dispute exists, the defendant may introduce evidence outside the pleadings in support of a 12(b)(1) motion to dismiss. *Id.* at 1039. When the defendant introduces extrinsic evidence in support of its motion, the burden shifts to the plaintiff to show that federal subject matter jurisdiction is met. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient facts to "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

While considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant. *Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

/ / / /

/ / / /

3 – OPINION AND ORDER

**DISCUSSION**

**I. Mootness**

Plaintiff seeks to "permanently enjoin Defendants . . . from . . . deduct[ing] union dues or fees from Plaintiff's wages without her consent." Compl. 10. As Wright is retired and the union is no longer deducting dues from her paychecks, her claim for prospective relief is moot.

"Where the activities sought to be enjoined have already occurred, and the appellate courts cannot undo what has already been done, the action is moot." *Ctr. for Biological Diversity v. Lohn*, 511 F.3d 960, 964 (9th Cir. 2007) (quoting *Friends of the Earth, Inc. v. Bergland*, 576 F.2d 1377, 79 (9th Cir. 1978)). One exception to the mootness doctrine is when the issue is "capable of repetition, yet evading review." *Doe v. Madison Sch. Dist. No. 321*, 177 F.3d 789, 798 (9th Cir. 1999) (quoting *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997)). This exception to the mootness doctrine applies only in cases where "(1) 'the duration of the challenged action is too short to be fully litigated before it ceases,' *and* (2) 'there is a reasonable expectation that plaintiffs will be subjected to the same action again.'" *Id.* (emphasis added) (quoting *Am. Rivers*, 126 F.3d at 1123).

Wright argues the exception applies because she is "in no way prohibited from seeking government employment in the future [and] may again be subjected to [the same injuries]" if the Defendants' policies remain the same. Pl.'s Resp. in Opp. to Defs.' Mot. to Dismiss 24, ECF No. 23. Wright's argument is unpersuasive. Wright is retired. She is no longer a member of the union and is therefore no longer subject to dues deductions. Her employer cannot be enjoined from deducting union dues because Wright is no longer employed. Put simply, there is no reasonable expectation that she will be subject to any involuntary deductions going forward. The capable of

repetition yet evading review exception does not apply. Wright's claim for prospective relief is moot.

## II. Failure to State a Claim

Wright's § 1983 claims for damages and declaratory relief are not moot. "A live claim for nominal damages will prevent dismissal for mootness." *Bernhardt v. City of Los Angeles*, 279 F.3d 862, 872 (9th Cir. 2002). This is true even where related claims for injunctive relief have been rendered moot. *Lokey v. Richardson*, 600 F.2d 1265, 1266 (9th Cir. 1979) (claim for nominal damages prevented dismissal even though claim for injunctive relief was moot). This is because nominal damages, while symbolic in nature, serve the important purpose of vindicating an individual's rights even when no actual damages are available. *See Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 872 (9th Cir. 2017). Though not moot, Wright's federal claims for relief fail on the merits.

As noted, Wright brings two § 1983 claims against Defendants. Both claims are meritless. To state a claim under § 1983, "a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a constitutional right.'" *Yates v. Wash. Fed'n of State Emps.*, 3:20-cv-05082-RBL, 2020 WL 3118496, at *3 (W.D. Wash. June 12, 2020) (quoting *Peschel v. City of Missoula*, 686 F.Supp.2d 1092, 1099 (D. Mont. 2009)). Whether a union is "acting under color of state law" in the context of unauthorized union dues deductions has been examined by several recent court decisions. *Schiewe v. Serv. Emps. Int'l Union Local 503*, 3:20-cv-00519-JR, 2020 WL 4251801, at *5 (D. Or. July 23, 2020) (citing *Belgau v. Inslee*, 359 F.Supp.3d 1000, 1012–15 (W.D. Wash. 2019); *Oliver v. Serv. Emps. Int'l Union Local 668*, 415 F.Supp.3d 602, 608–12 (E.D. Pa. 2019); *Quirarte v. United Domestic Workers AFSCME Local 3930*, 438 F.Supp.3d 1108, 1117–18 (S.D.

Ca. 2020); *Molina v. Penn. Soc. Serv. Union*, 1:19-CV-00019, 2020 WL 2306650, at *9–10 (M.D. Pa. May 8, 2020); *Quezambra v. United Domestic Workers of Am. AFSCME Local 3930*, 8:19-cv-00927-JLS-JEM *4–6 (C.D. Cal. June 3, 2020); *Yates*, 2020 WL 3118496, at *2–4). Each held that because the union did not act under color of state law, the plaintiff failed to state a claim under § 1983. *Id.* Additionally, after the parties submitted briefs, the Ninth Circuit considered, and rejected, arguments from a similarly situated plaintiff who, like Wright, argued the garnishments constituted state action under § 1983. *Belgau v. Inslee*, ___F.3d___, 2020 WL 5541390, at *4-6 (9th Cir. Sept. 16, 2020) (noting that "[a]t best, Washington's role in the allegedly unconstitutional conduct was ministerial processing of payroll deductions pursuant to" authorization from the union employees, which was not enough to constitute state action under § 1983). Because no mandate has yet to issue, the *Belgau* opinion is not final. *Beardslee v. Brown*, 393 F.3d 899, 901 (9th Cir. 2004). Although the *Belgau* opinion is not yet binding, its detailed analysis, like the analysis of the district cases cited above, is persuasive.

   "[T]o state a § 1983 claim against a private entity like [a union,]the plaintiff must establish that it engaged in 'state action' for which the government can fairly be blamed." *Yates*, 2020 WL 3118496, at *3 (quoting *Ohno v. Yasuma*, 723 F.3d 984, 994 (9th Cir. 2013)). "State action may be found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Id.* (quoting *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 955 (9th Cir. 2008)). Courts determine whether the government can fairly be blamed for a private entity's conduct by employing a two-part test devised by the Supreme Court in *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936–37 (1982). *Yates*, 2020 WL 3118496, at *3. "The first prong asks whether the claimed constitutional deprivation resulted from 'the exercise of some right or privilege created

by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible.'" *Id.* (quoting *Ohno*, 723 F.3d at 994). "The second prong determines whether the party charged with the deprivation could be described in all fairness as a state actor." *Id.* (quoting *Ohno*, 723 F.3d at 994). For there to be state action under §1983, both prongs must be satisfied. *Id.* Wright satisfies neither.

First, "private misuse of a state statute does not describe conduct that can be attributed to the State." *Lugar*, 457 U.S. at 941. Where, as here, the gravamen of a § 1983 claim is a private party's wrongful conduct, *Lugar*'s first prong is not satisfied. *Id.*; *Yates*, 2020 WL 3118496, at *3; *Schiewe*, 2020 WL 4251801, at *5. Wright concedes the illegality of forgery under Oregon law but argues that *Lugar*'s first prong is satisfied nonetheless because SEIU 503 acted pursuant to Oregon's statutory dues deduction procedure when deducting dues from her wages. Pl.'s Resp. 13. Wright's argument is unpersuasive.

Oregon law mandates that union membership be voluntary. *Schiewe*, 2020 WL 4251801, *1. The "right or privilege created by the State"—i.e., the right to deduct union dues from authorized members—clearly extends only insofar as those memberships were voluntarily entered into with membership agreements validly and authentically signed. *Lugar*, 457 U.S. at 939; *see Yates*, 2020 WL 3118496, at *4. In other words, "[i]f [SEIU 503] forged [Wright's] signature, it acted 'contrary to the relevant policy articulated by the State.'" *Yates*, 2020 WL 3118496, at *4. (quoting *Collins v. Womancare*, 878 F.2d 1145, 1152(9th Cir. 1989). As there is no allegation that the State is responsible for SEIU 503's alleged forgery, the forgery is not attributable to the State and Wright fails to satisfy *Lugar*'s first prong. *Lugar*, 457 U.S. at 941.

Wright also fails to satisfy *Lugar*'s second prong. Courts determine whether a private entity is a state actor for purposes of a § 1983 claim by employing four tests: (1) the public

function test; (2) the joint action test; (3) the state compulsion test; and (4) the governmental nexus test. *Belgau*, 359 F.Supp.3d at 1013 (citing *Ohno*, 723 F.3d at 995). Every court to consider the issue has held that nothing in the Constitution bars a state's deduction of union dues pursuant to a valid agreement. *Schiewe*, 2020 WL 4251801, at *5 (listing cases). And in addressing virtually identical claims involving an alleged forged dues agreement, the *Schiewe* court held that "the state's statutory obligation to deduct fees based on union authorization (even if fraudulently obtained) does not transform the private conduct of the union into state action *under any conceivable test*." *Schiewe*, 2020 WL 4251801, at *5 (emphasis added). Like the plaintiff in *Schiewe*, Wright "has not presented any compelling reason why the Court should ignore this growing case law and instead rule in her favor." *Id.* Rather, she relies on arguments "expressly rejected in the aforementioned decisions." *Id.* This Court joins those decisions in holding that where "the dispute surrounds whether the agreement the plaintiff signed is valid, the allegedly wrongful conduct stems from the union's authorization of dues, an *exclusively private act*." *Id.* (emphasis added). As SEIU 503 is not a state actor under the facts alleged by Wright, her § 1983 claims fail on the merits.  Because no amended pleading can transform the private conduct into state action, the § 1983 claims are dismissed with prejudice.

### III. Supplemental Jurisdiction

If the Court dismisses the claims over which it had original jurisdiction, it may decline to exercise supplemental jurisdiction over the remaining claims. 28 U.S.C. § 1367(c)(3). In considering whether to exercise supplemental jurisdiction, courts consider factors such as judicial economy, convenience, fairness, and comity. *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010).

Like *Schiewe*, this case "has not proceeded beyond the pleadings stage and few judicial resources have been used, especially if the remaining claims are dismissed." 2020 WL 4251801, at *6. Additionally, "dismissal also promotes comity by allowing the Oregon courts to interpret matters of state law." *Id.* Having balanced these factors, the Court declines to exercise supplemental jurisdiction in this case. Oregon courts should hear Wright's claims brought under Oregon law. Wright's state law claims are dismissed without prejudice.

## **CONCLUSION**

SEIU 503's Motion to Dismiss (ECF No. 14) is GRANTED in part.

IT IS SO ORDERED.

DATED this 28th day of September, 2020.


_____/s Michael McShane_____
Michael J. McShane
United States District Judge

9 – OPINION AND ORDER